## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

HEATHER VENERUS and
ANDEREW MALLOY, individually
and on behalf of all others similarly
situated

              Plaintiffs,

v.

ACE AMERICAN INSURANCE
COMPANY, a foreign corporation,
and VAN T. LE-KOHLER,

              Defendants.

Case No.: 6-12-CV-01204-31-GJK

_____/

### FIRST AMENDED COMPLAINT

      Plaintiffs, HEATHER VENERUS ("VENERUS") and ANDREW MALLOY ("MALLOY"), individually and on behalf of all others similarly situated, by and through undersigned counsel, hereby file this complaint against ACE AMERICAN INSURANCE COMPANY, ("ACE"), and VAN T. LE-KOHLER, ("LE-KOHLER"), as follows.

      1.     This is an action brought pursuant to Rule 23 of the Federal Rules of Civil Procedure, seeking damages and declaratory relief and involving an amount in controversy in excess of $75,000.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1332.

      2.     Defendant ACE is a foreign corporation, incorporated under the laws of Pennsylvania with its principal place of business in Philadelphia, Pennsylvania.

      3.     The Defendant, LE-KOHLER, is a resident of the State of Florida.

      4.     The Plaintiff, VENERUS, is a citizen and resident of England.

      5.     The Plaintiff, MALLOY, is a citizen and resident of England.

## GENERAL ALLEGATIONS

6.      The Defendant, ACE, has issued excess liability policies, indicating, as the named insured, Budget Rent A Car System, Inc. c/o Avis Budget Group, Inc.  A copy of said policy with an effective of July 1, 2010 and an expiration date of January 1, 2011 is attached hereto as Exhibit A.  Upon information and belief, ACE issued identical policies for some years prior to 2010 and for periods subsequent to January 1, 2011.

7.      The aforementioned policy, Exhibit A, indicates in the Declarations, Item 5, that the policy provides bodily injury and property damage combined single limits for "The difference between the Limits of Protection shown in the Rental Agreement in the State in which the accident occurs and a combined single limit of $2,000,000 dollars each occurrence for Bodily Injury (including death) and Property Damage."

8.      The policy designates the following as "insureds":

> 1.  those persons renting an **Automobile** from the **Named Insured** who have agreed in writing to accept **Liability Insurance Supplement** for an additional daily charge as shown in the **Rental Agreement**,
>
> 2.  any **authorized driver** of the **Automobile** described in the **Rental Agreement** during the time period the **Automobile** is rented to the person(s) described in 1 above,
>
> 3.  any person **occupying** the **Automobile** with the permission of the **Authorized Driver** who is entitled to coverage under any applicable Uninsured or Underinsured Motorist Legal Statute, and
>
> 4.  the **Named Insured**.

(See Exhibit A, Declarations, Item 3).

9.     The policy also indicates on page 1, of form DA-5Z92, that uninsured/underinsured motorist coverage is not afforded by the policy unless such coverage is afforded by "Underlying Protection" which is further defined, on page 5 of Form DA-5292, as follows:

> O. **"Underlying Protection"** means a standard policy of automobile liability insurance or an approved program of self-insurance of substantially similar scope, that meets or exceeds minimum motor vehicle liability requirements for a rental vehicle to which this insurance applies.

10.    Finally, the policy also contains an endorsement, number 24, Form DA-6Z47, entitled Florida Changes, which indicates that there is no coverage under the policy for:

> D.   Liability imposed upon the insured under any uninsured motorist, underinsured motorist, automobile no-fault, first party personal injury law or any other law similar to any of the foregoing; except to the extent that coverage has been selected by the Named Insured, shown in the declarations page and applies to the accident. By accepting this Policy, the Named Insured agrees it is acting on its own behalf and on behalf of all other persons who may at any time become insured under this Policy and the Named Insured rejects, to the extent permitted by law, the inclusion of any coverage which might otherwise be required under any such laws.

11.    On September 17, 2010, the Plaintiff, VENERUS, rented a Budget Rent A Car vehicle in Sanford, Florida.  In conjunction with renting said vehicle, VENERUS applied for and purchased supplemental liability insurance (SLI) from Budget.

12.    On September 19, 2010, VENERUS, operating the Budget Rent-A-Car vehicle, was involved in an accident with an uninsured/underinsured vehicle being operated by Steven R. Kohler, and being owned by LE-KOHLER.  The accident occurred on Interstate 4 near the

intersection of County Road 522 in Kissimmee, Florida. At the time of the accident the Plaintiff MALLOY was a passenger in the vehicle being operated by VENERUS.

13.     As a result of said accident and the result of the negligence of the uninsured/underinsured motorist KOHLER, VENERUS and MALLOY sustained serious bodily injuries.

14.     Following the aforementioned accident, the Plaintiffs submitted claims to Budget and ACE requesting uninsured/underinsured motorist coverage under the SLI policy.

15.     As of the date, Budget and ACE have refused to agree that UM/UIM coverage is available under the SLI policy.

16.     §627.727(2), Fla. Stat., (2010) specifically provides that:

> [a]n insurer issuing [an excess motor vehicle policy] shall make available as part of the application for such policy, and at the written request of an insured, limits [of UM coverage] up to the bodily injury liability limits contained in such policy or $1 million, whichever is less.

17.     In issuing the aforementioned supplemental liability insurance policy, ACE has failed to comply with the aforementioned provisions of the Florida Uninsured Motorist Statute. Specifically, in selling said policy to the Plaintiff, VENERUS, ACE has failed to "make available as part of the application for such policy and at the written request of an insured, limits up to the bodily injury limits contained in such policy or $1 million dollars, whichever is less."

## COUNT I

## CLASS ACTION FOR DECLARATORY RELIEF REGARDING UNINSURED/UNDERINSURED MOTORIST COVERAGE

18.     The Plaintiffs reallege and reaver the allegations contained in paragraphs 1-17 above.

19.     This is an action for declaratory relief against ACE pursuant to 28 U.S.C. §2201 and §2202.  A question of law and fact common to the claim of the representative party and each member of the class is whether the ACE policy provides UM/UIM coverage to individuals purchasing supplemental liability insurance from ACE, as well as the occupants of vehicles covered under such supplemental liability insurance, when the vehicle is leased in Florida and said supplemental liability insurance is purchased.

20.     The Class is defined as all such persons who have sustained damages within the past five years as a result of the alleged negligence of an uninsured/underinsured motorist.

21.     The Plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure since:

a.      The approximate number of the class members is unknown, however, the members of the class are so numerous that separate joinder of each member is impracticable.  Upon information and belief, at any given time, there are at least one thousand individuals who have purchased supplemental liability insurance while renting a Budge Rent A Car vehicle within the State of Florida.  In light of that, it is estimated that the potential class members are in excess of 100 or otherwise so numerous that joinder of all members is not practicable;

b.      The claim of the representative parties raise common questions of law and fact. The Plaintiffs have sustained injuries as a result of the negligence of an uninsured/underinsured motorist and are seeking coverage under the ACE policy. Hence, the common question of law and fact at this point, is whether or not the ACE policy provides uninsured/underinsured motorist

coverage to the aforementioned class of individuals and what are the amounts of said coverage.

c. The claims of the representative parties are typical of the claims of members of the class since the aforementioned class members are entitled to uninsured/underinsured motorist coverage under the ACE policy if the policy is reformed to provide said coverage.

d. The Plaintiffs, as representative parties, can fairly and adequately protect the interests of the class. Plaintiffs have employed experienced class counsel who are capable of prosecuting the claims of the class members. Plaintiffs have an interest in pursuing this action on their own behalf and on behalf of the class, as much as the Plaintiff has sustained losses as a result of the negligence of an uninsured/underinsured motorist. Plaintiffs' claims are substantially similar to the claims of all other class members.

22. Since ACE, in failing to acknowledge uninsured/underinsured motorist coverage under the ACE policy, has acted or failed to act on grounds generally applicable to the class, declaratory relief with respect to the class is appropriate and hence, this action is maintainable as a class action pursuant to Federal Rule of Civil Procedure 23(b)(2).

WHEREFORE, the Plaintiffs VENERUS and MALLOY, individually and on behalf of all others similarly situated, respectfully request the following relief from this Honorable Court: (a) an order certifying this action as a class action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure; (b) a declaratory decree that the ACE policy provides, for benefit of the representative parties and class members, uninsured/underinsured motorist benefits equal to $1

million dollars; (c) attorney fees pursuant to §627.428 Fla. Stat.; (d) costs allowed by law; (e) any other relief deemed just and proper by this Honorable Court; and (f) trial by jury of all issues so triable as of right.

## COUNT II

## INDIVIDUAL CLAIMS OF VENERUS AGAINST LE-KOHLER

23.     The Plaintiff, VENERUS, realleges and reavers the allegations contained in paragraphs 1 through 22 above as if fully set forth herein.

24.     As a direct result of the negligence of the uninsured/underinsured motorist for which LE-KOHLER is vicariously liable, the Plaintiff, VENERUS, has sustained injuries and damages as follows: (a) past and future pain and suffering; (b) disability, disfigurement, mental anguish, loss of capacity of enjoyment of life; (c) expenses of hospitalization, medical and nursing treatment; (d) loss of earnings, loss of ability to earn money and aggravation of pre-existing conditions; (e) the aforementioned losses are either permanent or continuing and Plaintiff will suffer losses in the future.

WHEREFORE, the Plaintiff, VENERUS, demands judgment against the Defendant LE-KOHLER for compensatory damages, costs and any other relief deemed just and proper. In addition, the Plaintiff demands trial by jury of all issues so triable.

## COUNT III

## INDIVIDUAL CLAIMS OF VENERUS AGAINST ACE

25.     The Plaintiff, VENERUS, realleges and reavers the allegations contained in paragraphs 1 through 22 above as if fully set forth herein.

26.     As a direct result of the negligence of the uninsured/underinsured motorist for which ACE provides uninsured/undersinsured motorist coverage, the Plaintiff, VENERUS, has sustained injuries and damages as follows: (a) past and future pain and suffering; (b) disability, disfigurement, mental anguish, loss of capacity of enjoyment of life; (c) expenses of hospitalization, medical and nursing treatment; (d) loss of earnings, loss of ability to earn money and aggravation of pre-existing conditions; (e) the aforementioned losses are either permanent or continuing and Plaintiff will suffer losses in the future.

WHEREFORE, the Plaintiff, VENERUS, demands judgment against the Defendants ACE, for compensatory damages, attorney's fees pursuant to §627.428 Fla. Stat., costs and any other relief deemed just and proper.  In addition, the Plaintiff demands trial by jury of all issues so triable.

## COUNT IV

## INDIVIDUAL CLAIMS OF MALLOY AGAINST  LE-KOHLER

27.     The Plaintiff, MALLOY, realleges and reavers the allegations contained in paragraphs 1 through 21 above as if fully set forth herein.

28.     As a direct result of the negligence of the uninsured/underinsured motorist  for which the Defendant, LE-KOHLER, is vicariously liable, the Plaintiff, MALLOY, has sustained injuries and damages as follows: (a) past and future pain and suffering; (b) disability, disfigurement, mental anguish, loss of capacity of enjoyment of life; (c) expenses of hospitalization, medical and nursing treatment; (d) loss of earnings, loss of ability to earn money and aggravation of pre-existing conditions; (e) the aforementioned losses are either permanent or continuing and Plaintiff will suffer losses in the future.

WHEREFORE, the Plaintiff, MALLOY, demands judgment against the Defendant, LE-KOHLER, for compensatory damages, costs and any other relief deemed just and proper.  In addition, the Plaintiff demands trial by jury of all issues so triable.

## COUNT V

## INDIVIDUAL CLAIMS OF MALLOY AGAINST ACE

29.    The Plaintiff, MALLOY, realleges and reavers the allegations contained in paragraphs 1 through 21 above as if fully set forth herein.

30.    As a direct result of the negligence of the uninsured/underinsured for which ACE provides uninsured/underinsured motorist coverage, the Plaintiff, MALLOY, has sustained injuries and damages as follows: (a) past and future pain and suffering; (b) disability, disfigurement, mental anguish, loss of capacity of enjoyment of life; (c) expenses of hospitalization, medical and nursing treatment; (d) loss of earnings, loss of ability to earn money and aggravation of pre-existing conditions; (e) the aforementioned losses are either permanent or continuing and Plaintiff will suffer losses in the future.

WHEREFORE, the Plaintiff, MALLOY, demands judgment against the Defendants ACE and LE-KOHLER for compensatory damages, attorney's fees pursuant to §627.428 Fla. Stat., costs and any other relief deemed just and proper.  In addition, the Plaintiff demands trial by jury of all issues so triable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of March 2013, a true and correct copy of the foregoing electronically filed with the Clerk of Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List in the manner specified, either via transmission of Notices of Electronic

Filing generated by CM/ECF, or in some other authorized manner for those counsel or parties

who are not authorized to receive electronically Notices of Electronic Filing.

<div style="margin-left: 40%;">

WOOTEN, KIMBROUGH & NORMAND, P.A.
236 S. Lucerne Circle
Orlando, Florida 32801
Phone: (407) 843-7060
Facsimile: (407) 843-5836
Service Email: normandeservice@whkpa.com
and ednormand@whkpa.com
Attorneys for Plaintiffs

/s/ Edmund A. Normand
    Edmund A. Normand, Esq.
    Florida Bar No.: 0865590

</div>

SERVICE LIST

Philip Glatzer, Esquire
Adler Newman & Lewis
Attorneys for ACE American Insurance Co.
4000 Ponce de Leon Blvd., Suite 570
Coral Gables, Florida 33146
pglatzer@marlowconnell.com

Christopher Lynch, Esquire
Hunter, Williams & Lynch, P.A.
Co-Counsel for Plaintiffs
The Monarch Grove Building
2977 McFarlane Road, Suite 301
Miami, Florida 33133
clynch@hunterwilliamslaw.com